IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **HEALTH PLAN ADMINISTRATORS, LLC** | ) | CASE NO. |
| 54 Westchester Drive, Suite 20 | ) | |
| Austintown, Ohio 44515 | ) | JUDGE |
| | ) | |
| and | ) | |
| | ) | |
| **PAMELA PRIDDY** | ) | |
| 3725 Hallock Sook Road | ) | |
| Newton Falls, Ohio 44444 | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| **INTERNATIONAL INSURANCE** | ) | **JURY DEMAND** |
| **AGENCY SERVICES, LLC** | ) | |
| 10 South LaSalle Street, Suite 3450 | ) | |
| Chicago, IL 60603 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **DAVID HADDAD** | ) | |
| 47 Hillside Road | ) | |
| New London, CT 06320-2920 | ) | |
| | ) | |
| *Defendants.* | ) | |

Plaintiffs Health Plan Administrators, LLC ("HPA") and Pamela Priddy ("Priddy") aver

as follows for their Complaint against Defendants International Insurance Agency Services, LLC

("IIAS") and David Haddad ("Haddad"):

## PARTIES, JURISDICTION, AND VENUE

1.     HPA is an Ohio limited liability company that is duly licensed under Ohio law to

operate as a third party administrator for group medical plans.  HPA's principal place of business

is located at 54 Westchester Drive, Suite 20, Austintown, Ohio 44515.

2.      Priddy is HPA's founder and President, residing at 3725 Hallock Sook Road, Newton Falls, Ohio 44444.

3.      Upon information and belief, IIAS is an Illinois limited liability company that does business in or about Ohio with Ohio businesses or individuals, or from outside Ohio with businesses and individuals in Ohio.  IIAS employs or otherwise is the principal of Defendant Haddad.  IIAS's principal place of business is located at 10 South LaSalle Street, Suite 3450, Chicago, IL 60603.

4.      Upon information and belief, Haddad is a Connecticut resident that does business in or about Ohio with Ohio businesses or individuals, or from outside Ohio with businesses and individuals in Ohio, for the benefit of himself and his employer/principal, IIAS.  Haddad's personal residence address is 47 Hillside Road, New London, CT 06320-2920.

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 based on the parties' diversity of citizenship.  The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 as a substantial part of the conduct giving rise to this action occurred within this judicial district, and Defendants' wrongful conduct caused Plaintiffs to suffer harm to reputation and economic loss within this judicial district.

## BACKGROUND

3.      Since around October 2010, IIAS, by and through Haddad, has engaged in wrongful conduct that: (a) interfered with HPA's contracts and prospective business relations; (b) commercially disparaged HPA; and (c) defamed HPA and Priddy.

2

4. More specifically, Defendants have engaged in a course of conduct designed to portray HPA as unqualified to deliver third party administrative ("TPA") services based on its alleged inability to safely and effectively handle medical benefit plan administration and payment of medical claims and its employment of Priddy, who Defendants have portrayed as a thief and as being otherwise untrustworthy as it relates to her ability to provide TPA services, including handling money provided by clients to pay medical claims.

5. By their wrongful conduct, Defendants have caused HPA to lose existing contracts, the renewals of such contracts, prospective business relationships, and commercial goodwill.

6. By their wrongful conduct, Defendants have defamed HPA and caused it to suffer economic loss and harm to its reputation.

7. By their wrongful conduct, Defendants have defamed Priddy and caused her to suffer economic and non-economic loss, including harm to her reputation and aggravation.

## FIRST CAUSE OF ACTION
## TORTIOUS INTERFERENCE WITH CONTRACT

8. Plaintiffs repeat each allegation contained in paragraphs 1 through 7 above as though fully set forth herein.

9. At all relevant times, HPA had existing contracts and business arrangements with various entities (collectively, the "HPA Clients") to provide those entities with third party administrative services in relation to the entities' medical plans in exchange for payment for those services.

10. Defendants knew of those contracts and business arrangements.

11. Defendants, without privilege, intentionally induced the HPA Clients to terminate their contracts and business arrangements with HPA.

12.     As a result of Plaintiffs' wrongful conduct, HPA has sustained substantial damages and seeks to recover those damages through this lawsuit.

**SECOND CAUSE OF ACTION**
**TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**

13.     Plaintiffs repeat each allegation contained in paragraphs 1 through 12 above as though fully set forth herein.

14.     At all relevant times, HPA had prospective contracts and business arrangements with various entities (collectively, the "Prospective HPA Clients") to provide those entities with third party administrative services in relation to the entities' medical plans in exchange for payment for those services.

15.     Defendants knew of those prospective contracts and business arrangements.

16.      Defendants, without privilege, intentionally induced the Prospective HPA Clients to terminate their prospective contracts and business arrangements or further contact with HPA.

17.     As a result of Plaintiffs' wrongful conduct, HPA has sustained substantial damages and seeks to recover those damages through this lawsuit.

**THIRD CAUSE OF ACTION**
**DEFAMATION OF HPA**

18.     Plaintiffs repeat each allegation contained in paragraphs 1 through 17 above as though fully set forth herein.

19.     Defendants made false and defamatory statements concerning HPA.

20.     Defendants published the false and defamatory statements concerning HPA.

21.     Defendants published the false and defamatory statements without privilege, and with the requisite level of fault.

22.     As a result of Defendants' tortious publication of the false and defamatory statements about HPA, HPA was harmed and seeks to recover damages for such wrongful conduct through this lawsuit.

## FOURTH CAUSE OF ACTION
## DEFAMATION OF PRIDDY

23.     Plaintiffs repeat each allegation contained in paragraphs 1 through 22 above as though fully set forth herein.

24.     Defendants made false and defamatory statements concerning Priddy.

25.     Defendants published the false and defamatory statements concerning Priddy.

26.     Defendants published the false and defamatory statements without privilege, and with the requisite level of fault.

27.     As a result of Defendants' tortious publication of the false and defamatory statements concerning Priddy, Priddy was harmed and seeks to recover damages for such wrongful conduct through this lawsuit.

## FIFTH CAUSE OF ACTION
## COMMERCIAL DISPARAGEMENT

28.     Plaintiffs repeat each allegation contained in paragraphs 1 through 27 above as though fully set forth herein.

29.     Defendants made false and defamatory statements to third parties concerning the quality of HPA's services.

30.     Defendants published those false and defamatory statements concerning HPA.

31.     Defendants published those false and defamatory statements without privilege, and with the requisite level of fault.

32.    As a result of Defendants' tortious conduct, HPA's has suffered harm to the reputation of its services and has suffered economic loss and seeks to recover damages for such wrongful conduct through this lawsuit.

## SIXTH CAUSE OF ACTION
## DECEPTIVE SALES PRACTICE

33.    Plaintiffs repeat each allegation contained in paragraphs 1 through 32 above as though fully set forth herein.

34.    Ohio Revised Code Chapter 4165 prohibits certain deceptive trade practices from being committed, including the disparagement of the goods, services, or business of another by false representation of fact.

35.    Defendants have committed one or more "deceptive trade practice", as that term is used in Ohio Revised Code Chapter 4165.

36.    Defendants are subject to restraint from the commission of further deceptive trade practices by injunction under Ohio Revised Code Chapter 4165.

37.    As a result of Defendants' commission of deceptive trade practices, HPA has been harmed and seeks to impose an injunction and recover for its economic losses through this lawsuit.

WHEREFORE, Plaintiffs pray for relief against Defendants IIAS and Haddad as follows:

1.    Under all counts, Plaintiffs seek to impose liability jointly and severally on Defendants and recover compensatory and punitive damages;

2.    Under Count Six, Plaintiff HPA seeks an injunction under Ohio Revised Code Chapter 4165 to prevent Defendants from engaging in further deceptive sales practices;

3.    Under all counts, Plaintiffs seek to recover pre-judgment interest;

4.    Under all counts, Plaintiffs seek to recover attorney's fees and costs; and

6

5.       Under all counts, Plaintiffs seek to recover any other relief, legal or equitable, that the Court deems warranted under these circumstances.

Respectfully submitted,

_/s/ Daniel L. Bell_____
Daniel L. Bell (0046879)
Ryan J .Morley (0077452)
**Jackson Lewis LLP**
6100 Oak Tree Blvd, Suite 400
Cleveland, Ohio 44131
Phone: (216) 750-0404; Fax: (216) 750-0826
Email:  Daniel.Bell@jacksonlewis.com
            Ryan.Morley@jacksonlewis.com

Counsel for Plaintiffs

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues in this action triable to a jury.

_/s/ Daniel L. Bell_____
Daniel L. Bell

4820-0276-0201, V.  1